## CHAPTER 13 PLAN (Individual Adjustment of Debts)

■ Original Plan
☐ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)
☐ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Brian Van Dam                 JOINT DEBTOR: _____    CASE NO.: _____
SS#: xxx-xx- 4725                     SS#: xxx-xx- _____

### I. NOTICES

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

To Creditors: Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties: The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ■ Not included |
| Nonstandard provisions, set out in Section IX | ■ Included | ☐ Not included |

### II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $5,827.51    for months   1   to   5   ;
2. $5,838.51    for months   6   to   60  ;

**B. DEBTOR(S)' ATTORNEY'S FEE:**    ☐ NONE    ☐ PRO BONO

| Total Fees: | $5,013.00 | Total Paid: | $1,888.00 | Balance Due: | $3,125.00 |
|---|---|---|---|---|---|

Payable   $1,562.50   /month (Months   1   to   2   )

Allowed fees under LR 2016-l(B)(2) are itemized below:
Chapter 13 Attorney's fee $4,500 + Chapter 13 Administrative Fee $150

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

### III. TREATMENT OF SECURED CLAIMS    ☐ NONE

**A. SECURED CLAIMS:**    ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1. Creditor: PHH Mortgage Services
   Address: POB 5452
            Mount Laurel, NJ 08054

   | | | |
   |---|---|---|
   | Arrearage/ Payoff on Petition Date | $123,330.00 | |
   | Regular Payment (Maintain) | $2,848.75 | /month (Months   1   to   60   ) |
   | Arrears Payment (Cure) | $2,106.60 | /month (Months   3   to   60   ) |
   | Arrears Payment (Cure) | $574.14 | /month (Months   1   to   2   ) |

   Last 4 Digits of Account No.:   1813
   Other: _____

Debtor(s): Brian Van Dam                     Case number: _____

---

■ **Real Property**                     Check one below for Real Property:
   ■ Principal Residence        ■ Escrow is included in the regular payments
   ☐ Other Real Property        ☐ The debtor(s) will pay   ☐ taxes   ☐ insurance directly

Address of Collateral:
2459 Greenbrier Ct
Weston, FL 33327

☐ Personal Property/Vehicle

Description of Collateral: 2459 Greenbrier Ct Weston, FL 33327
                              Weston, FL 33327

---

    B. **VALUATION OF COLLATERAL:**   ■ NONE

    C. **LIEN AVOIDANCE**   ■ NONE

    D. **SURRENDER OF COLLATERAL:**   ■ NONE

    E. **DIRECT PAYMENTS**   ■ NONE

IV.  **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]   ☐ NONE

    A. **ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ■ NONE

    B. **INTERNAL REVENUE SERVICE:**   ☐ NONE

| Total Due: | $7,223.00 | Total Payment | $7,981.20 |
|---|---|---|---|
| Payable: | $133.02 | /month (Months 1 | to 60 ) |

    C. **DOMESTIC SUPPORT OBLIGATION(S):** ■ NONE

    D. **OTHER:**   ■ NONE

V.  **TREATMENT OF UNSECURED NONPRIORITY CREDITORS**   ☐ NONE

    A. Pay   $10.00   /month (Months 6  to 60 )

        Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

    B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

    C. **SEPARATELY CLASSIFIED:**   ■ NONE

VI.  **STUDENT LOAN PROGRAM**   ■ NONE

VII.  **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**   ■ NONE

VIII.  **INCOME TAX RETURNS AND REFUNDS:**

    ■ Debtor(s) will not provide tax returns unless requested by any interested party pursuant to 11 U.S.C. § 521.

IX.  **NON-STANDARD PLAN PROVISIONS**   ☐ NONE

■ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

Claim for IRS includes 4% post petition Interest

☐ Mortgage Modification Mediation

Debtor(s): Brian Van Dam  Case number:

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| /s/ Brian Van Dam | Debtor | 5/23/2022 | | Joint Debtor | |
|---|---|---|---|---|---|
| Brian Van Dam | | Date | | | Date |

  5/24/2022

Attorney with permission to sign on Debtor(s)' behalf who certifies that the contents of the plan have been reviewed and approved by the Debtor(s).[1]   Date

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.**

---

[1] This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.